**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| APPLE INC., NeXT Software, Inc. f/k/a/ NeXT Computer, Inc.,<br><br>*Plaintiffs,*<br><br>vs.<br><br>High Tech Computer Corp., a/k/a HTC Corp., HTC (B.V.I.) Corp., HTC America, Inc., Exedea, Inc.,<br>*Defendants.* | ) | CA No.<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Apple Inc. ("Apple") and NeXT Software, Inc. f/k/a, NeXT Computer, Inc. ("NeXT") (collectively, "Plaintiffs"), for their Complaint against Defendants High Tech Computer Corp., a/k/a/ HTC Corp. ("HTC Corp."), HTC (B.V.I.) Corp. ("HTC BVI"), HTC America, Inc. ("HTC America"), and Exedea, Inc. ("Exedea") (collectively, "Defendants"), hereby allege as follows:

**The Parties**

1. Plaintiff Apple is a corporation organized under the laws of the state of California with its principal place of business at 1 Infinite Loop, Cupertino, California 95014. Apple is a leading designer and manufacturer of innovative computer technologies, including personal computers, mobile communications devices, portable digital music and video players, and related software.

2. Plaintiff NeXT is a wholly-owned subsidiary of Apple incorporated under the laws of the state of California with its principal place of business at 1 Infinite Loop, Cupertino, California 95014. NeXT was an early developer of software for object-oriented programming and its software forms the basis for portions of current Apple products.

3. Upon information and belief, Defendant HTC Corp. is a corporation organized and existing under the laws of Taiwan with its principal place of business at 23 Xinghau Road, Taoyuan 330, Taiwan, Republic of China. Upon information and belief, Defendant HTC Corp. is engaged in the design, manufacture, importation into the United States, and sale after importation of mobile communication devices and services.

4. Upon information and belief, Defendant HTC BVI is a wholly-owned subsidiary of Defendant HTC Corp. and is incorporated under the laws of the British Virgin Islands with its principal place of business at 3F, Omar Hodge Building, Wickhams Cay I, P.O. Box 362, Road Town, Tortola, British Virgin Islands. Upon information and belief, Defendant HTC BVI is engaged in global investing and related activities on behalf of its parent, Defendant HTC Corp. and is itself a parent company of additional Defendants.

5. Upon information and belief, Defendant HTC America is a wholly-owned subsidiary of Defendant HTC BVI and is incorporated under the laws of the state of Texas, with its principal place of business at 13920 SE Eastgate Way, Suite 400, Bellevue, Washington 98005. Upon information and belief, Defendant HTC America performs several services to support the importation and sale of mobile communication devices produced by HTC Corp. into and within the United States, including marketing, repair, and after-sale services of mobile communication devices.

6. Upon information and belief, Defendant Exedea is a wholly-owned subsidiary of Defendant HTC BVI and is incorporated under the laws of the state of Texas with its principal place of business at 5950 Corporate Drive, Houston, Texas 77036. Upon information and belief, Defendant Exedea imports mobile communication devices produced by HTC Corp. into the United States and distributes and sells such mobile communication devices after their importation.

## **Nature of the Action**

7. This is an action brought by Apple against Defendants' for infringement of Apple's patents. Specifically, Apple seeks remedies for Defendants' infringement of Apple's U.S. Patent Nos. 5,519,867 ("the '867 Patent"), 6,275,983 ("the '983 Patent"), 5,481,721 ("the '721 Patent"), 5,566,337 ("the '337 Patent"), RE 39,486 ("the RE '486 Patent"), 6,343,263 ("the '263 Patent"), 5,969,705 ("the '705 Patent"), 5,946,647 ("the '647 Patent"), 5,929,852 ("the '852 Patent"), and 5,915,131 ("the '131 Patent") (collectively, "the Asserted Patents").

## **Jurisdiction and Venue**

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States.

9. This Court has personal jurisdiction over the Defendants because the Defendants have established minimum contacts with the forum state of Delaware. Defendants, directly and/or through third-party manufactures, manufacture or assemble products that are and have been offered for sale, sold, purchased, and used within the state of Delaware. In addition, Defendants, directly and/or through their distribution networks, regularly place their products within the stream of commerce, with the knowledge and/or understanding that such products will be sold in Delaware. Thus, Defendants have purposefully availed themselves of the benefits of

the state of Delaware and the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

10. Defendants transact business in the state of Delaware because, among other things, Defendants manufacture and distribute products that are offered for sale, sold, purchased, and used within the state of Delaware. Defendants have also committed tortuous acts of patent infringement in Delaware and are subject to personal jurisdiction in Delaware. Venue is thus proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c), (d) and 1400(b).

## **The Patents in Suit**

11. The Asserted Patents cover generally various software and/or hardware technologies that can be incorporated into mobile communication devices, among various other types of products.

12. Plaintiff Apple owns by assignment the entire right, title, and interest in and to all of the Asserted Patents except the '721 Patent, including the right to bring this suit for injunctive relief and damages.

13. Plaintiff NeXT owns by assignment the entire right, title, and interest in and to the '721 Patent, including the right to bring this suit for injunctive relief and damages.

14. All of the Asserted Patents are valid and enforceable.

15. Upon information and belief, Defendants have infringed and continue to infringe one or more claims of each of the Asserted Patents by engaging in acts that constitute infringement under 35 U.S.C. § 271, including but not necessarily limited to making, using, selling, and/or offering for sale, in Delaware and elsewhere in the United States, and/or importing into Delaware and elsewhere in the United States, certain mobile communication devices including cellular phones and smartphones, including at least phones incorporating the Android Operating System (collectively, "the Accused Products").

**COUNT I - INFRINGEMENT OF U.S. PATENT NO. 5,519,867**

16. Paragraphs 1 through 15 are incorporated by reference as if fully stated herein.

17. The ‘867 Patent, entitled “Object-Oriented Multitasking System,” was duly and legally issued on May 21, 1996 by the United States Patent and Trademark Office. A copy of the ‘867 Patent is attached hereto as Exhibit A.

18. Apple is the exclusive and current owner of all rights, title, and interest in the ‘867 Patent, including the right to bring this suit for injunctive relief and damages.

19. Defendants have infringed and are infringing the ‘867 Patent by making, using, selling, offering for sale, and/or importing, without authority, products and services that are covered by one or more claims of the ‘867 Patent, including but not limited to the Accused Products.

20. Defendants have contributed to and/or induced and will continue to contribute to and/or induce the infringement of the ‘867 Patent by others in this District and elsewhere in the United States, with the direct infringement being accomplished by end users of at least the Accused Products.

21. Apple has been and continues to be damaged by Defendants’ infringement of the ‘867 Patent, in an amount to be determined at trial.

22. Apple has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Defendants’ infringement of the ‘867 Patent is enjoined by this Court.

23. Defendants’ infringement of the ‘867 Patent is exceptional and entitles Apple to attorneys’ fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT II - INFRINGEMENT OF U.S. PATENT NO. 6,275,983**

24. Paragraphs 1 through 23 are incorporated by reference as if fully stated herein.

25. The ‘983 Patent, entitled “Object-Oriented Operating System,” was duly and legally issued on August 14, 2001 by the United States Patent and Trademark Office. A copy of the ‘983 Patent is attached hereto as Exhibit B.

26. Apple is the exclusive and current owner of all rights, title, and interest in the ‘983 Patent, including the right to bring this suit for injunctive relief and damages.

27. Defendants have infringed and are infringing the ‘983 Patent by making, using, selling, offering for sale, and/or importing, without authority, products and services that are covered by one or more claims of the ‘983 Patent, including but not limited to the Accused Products.

28. Defendants have contributed to and/or induced and will continue to contribute to and/or induce the infringement of the ‘983 Patent by others in this District and elsewhere in the United States, with the direct infringement being accomplished by end users of at least the Accused Products.

29. Apple has been and continues to be damaged by Defendants’ infringement of the ‘983 Patent, in an amount to be determined at trial.

30. Apple has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Defendants’ infringement of the ‘983 Patent is enjoined by this Court.

31. Defendants’ infringement of the ‘983 Patent is exceptional and entitles Apple to attorneys’ fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT III - INFRINGEMENT OF U.S. PATENT NO. 5,481,721**

32. Paragraphs 1 through 31 are incorporated by reference as if fully stated herein.

33. The ‘721 Patent, entitled “Method For Providing Automatic And Dynamic Translation Of Object-Oriented Programming Language-Based Message Passing Into Operation

System Message Passing Using Proxy Objects," was duly and legally issued on January 2, 1996 by the United States Patent and Trademark Office. A copy of the '721 Patent is attached hereto as Exhibit C.

34. NeXT is the exclusive and current owner of all rights, title, and interest in the '721 Patent, and has, with Apple, the right to bring this suit for injunctive relief and damages.

35. Defendants have infringed and are infringing the '721 Patent by making, using, selling, offering for sale, and/or importing, without authority, products and services that are covered by one or more claims of the '721 Patent, including but not limited to the Accused Products.

36. Defendants have contributed to and/or induced and will continue to contribute to and/or induce the infringement of the '721 Patent by others in this District and elsewhere in the United States, with the direct infringement being accomplished by end users of at least the Accused Products.

37. NeXT has been and continues to be damaged by Defendants' infringement of the '721 Patent, in an amount to be determined at trial.

38. NeXT has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Defendants' infringement of the '721 Patent is enjoined by this Court.

39. Defendants' infringement of the '721 Patent is exceptional and entitles NeXT to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT IV - INFRINGEMENT OF U.S. PATENT NO. 5,566,337**

40. Paragraphs 1 through 39 are incorporated by reference as if fully stated herein.

41. The ‘337 Patent, entitled “Method And Apparatus For Distributing Events In An Operating System,” was duly and legally issued on October 15, 1996 by the United States Patent and Trademark Office. A copy of the ‘337 Patent is attached hereto as Exhibit D.

42. Apple is the exclusive and current owner of all rights, title, and interest in the ‘337 Patent, including the right to bring this suit for injunctive relief and damages.

43. Defendants have infringed and are infringing the ‘337 Patent by making, using, selling, offering for sale, and/or importing, without authority, products and services that are covered by one or more claims of the ‘337 Patent, including but not limited to electronic devices such as the Accused Products.

44. Defendants have contributed to and/or induced and will continue to contribute to and/or induce the infringement of the ‘337 Patent by others in this District and elsewhere in the United States, with the direct infringement being accomplished by end users of at least the Accused Products.

45. Apple has been and continues to be damaged by Defendants’ infringement of the ‘337 Patent, in an amount to be determined at trial.

46. Apple has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Defendants’ infringement of the ‘337 Patent is enjoined by this Court.

47. Defendants’ infringement of the ‘337 Patent is exceptional and entitles Apple to attorneys’ fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT V - INFRINGEMENT OF U.S. PATENT NO. RE 39,486**

48. Paragraphs 1 through 47 are incorporated by reference as if fully stated herein.

49. The RE ‘486 Patent, entitled “Extensible, Replaceable Network Component System,” was duly and legally reissued on February 6, 2007 by the United States Patent and

Trademark Office. The RE ‘486 Patent is a reissue of U.S. Patent No. 6,212,575, duly and legally issued on April 3, 2001. A copy of the RE ‘486 Patent is attached hereto as Exhibit E.

50. Apple is the exclusive and current owner of all rights, title, and interest in the RE ‘486 Patent, including the right to bring this suit for injunctive relief and damages.

51. Defendants have infringed and are infringing the RE ‘486 Patent by making, using, selling, offering for sale, and/or importing, without authority, products and services that are covered by one or more claims of the RE ‘486 Patent, including but not limited to the Accused Products.

52. Defendants have contributed to and/or induced and will continue to contribute to and/or induce the infringement of the RE ‘486 Patent by others in this District and elsewhere in the United States, with the direct infringement being accomplished by end users of at least the Accused Products.

53. Apple has been and continues to be damaged by Defendants’ infringement of the RE ‘486 Patent, in an amount to be determined at trial.

54. Apple has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Defendants’ infringement of the RE ‘468 Patent is enjoined by this Court.

55. Defendants’ infringement of the RE ‘486 Patent is exceptional and entitles Apple to attorneys’ fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT VI - INFRINGEMENT OF U.S. PATENT NO. 6,343,263**

56. Paragraphs 1 through 55 are incorporated by reference as if fully stated herein.

57. The ‘263 Patent, entitled “Real-Time Signal Processing System For Serially Transmitted Data,” was duly and legally issued on January 29, 2002 by the United States Patent and Trademark Office. A copy of the ‘263 Patent is attached hereto as Exhibit F.

58. Apple is the exclusive and current owner of all rights, title, and interest in the ‘263 Patent, including the right to bring this suit for injunctive relief and damages.

59. Defendants have infringed and are infringing the ‘263 Patent by making, using, selling, offering for sale, and/or importing, without authority, products and services that are covered by one or more claims of the ‘263 Patent, including but not limited to the Accused Products.

60. Defendants have contributed to and/or induced and will continue to contribute to and/or induce the infringement of the ‘263 Patent by others in this District and elsewhere in the United States, with the direct infringement being accomplished by end users of at least the Accused Products.

61. Apple has been and continues to be damaged by Defendants’ infringement of the ‘263 Patent, in an amount to be determined at trial.

62. Apple has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Defendants’ infringement of the ‘263 Patent is enjoined by this Court.

63. Defendants’ infringement of the ‘263 Patent is exceptional and entitles Apple to attorneys’ fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT VII - INFRINGEMENT OF U.S. PATENT NO. 5,969,705**

64. Paragraphs 1 through 63 are incorporated by reference as if fully stated herein.

65. The ‘705 Patent, entitled “Message Protocol For Controlling A User Interface From An Inactive Application Program,” was duly and legally issued on October 19, 1999 by the United States Patent and Trademark Office. A copy of the ‘705 Patent is attached hereto as Exhibit G.

66. Apple is the exclusive and current owner of all rights, title, and interest in the ‘705 Patent, including the right to bring this suit for injunctive relief and damages.

67. Defendants have infringed and are infringing the ‘705 Patent by making, using, selling, offering for sale, and/or importing, without authority, products and services that are covered by one or more claims of the ‘705 Patent, including but not limited to the Accused Products.

68. Defendants have contributed to and/or induced and will continue to contribute to and/or induce the infringement of the ‘705 Patent by others in this District and elsewhere in the United States, with the direct infringement being accomplished by end users of at least the Accused Products.

69. Apple has been and continues to be damaged by Defendants’ infringement of the ‘705 Patent, in an amount to be determined at trial.

70. Apple has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Defendants’ infringement of the ‘705 Patent is enjoined by this Court.

71. Defendants’ infringement of the ‘705 Patent is exceptional and entitles Apple to attorneys’ fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT VIII - INFRINGEMENT OF U.S. PATENT NO. 5,946,647**

72. Paragraphs 1 through 71 are incorporated by reference as if fully stated herein.

73. The ‘647 Patent, entitled “System and Method For Performing An Action On A Structure In Computer-Generated Data,” was duly and legally issued on August 31, 1999 by the United States Patent and Trademark Office. A copy of the ‘647 Patent is attached hereto as Exhibit H.

74. Apple is the exclusive and current owner of all rights, title, and interest in the '647 Patent, including the right to bring this suit for injunctive relief and damages.

75. Defendants have infringed and are infringing the '647 Patent by making, using, selling, offering for sale, and/or importing, without authority, products and services that are covered by one or more claims of the '647 Patent, including but not limited to the Accused Products.

76. Defendants have contributed to and/or induced and will continue to contribute to and/or induce the infringement of the '647 Patent by others in this District and elsewhere in the United States, with the direct infringement being accomplished by end users of at least the Accused Products.

77. Apple has been and continues to be damaged by Defendants' infringement of the '647 Patent, in an amount to be determined at trial.

78. Apple has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Defendants' infringement of the '647 Patent is enjoined by this Court.

79. Defendants' infringement of the '647 Patent is exceptional and entitles Apple to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT IX - INFRINGEMENT OF U.S. PATENT NO. 5,929,852**

80. Paragraphs 1 through 79 are incorporated by reference as if fully stated herein.

81. The '852 Patent, entitled "Encapsulated Network Entity Reference Of A Network Component System," was duly and legally issued on July 27, 1999 by the United States Patent and Trademark Office. A copy of the '852 Patent is attached hereto as Exhibit I.

82. Apple is the exclusive and current owner of all rights, title, and interest in the '852 Patent, including the right to bring this suit for injunctive relief and damages.

83. Defendants have infringed and are infringing the ‘852 Patent by making, using, selling, offering for sale, and/or importing, without authority, products and services that are covered by one or more claims of the ‘852 Patent, including but not limited to the Accused Products.

84. Defendants have contributed to and/or induced and will continue to contribute to and/or induce the infringement of the ‘852 Patent by others in this District and elsewhere in the United States, with the direct infringement being accomplished by end users of at least the Accused Products.

85. Apple has been and continues to be damaged by Defendants' infringement of the ‘852 Patent, in an amount to be determined at trial.

86. Apple has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Defendants' infringement of the ‘852 Patent is enjoined by this Court.

87. Defendants' infringement of the ‘852 Patent is exceptional and entitles Apple to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT X - INFRINGEMENT OF U.S. PATENT NO. 5,915,131**

88. Paragraphs 1 through 87 are incorporated by reference as if fully stated herein.

89. The ‘131 Patent, entitled “Method And Apparatus For Handling I/O Requests Utilizing Separate Programming Interfaces To Access Separate I/O Services,” was duly and legally issued on June 22, 1999 by the United States Patent and Trademark Office. A copy of the ‘131 Patent is attached hereto as Exhibit J.

90. Apple is the exclusive and current owner of all rights, title, and interest in the ‘131 Patent, including the right to bring this suit for injunctive relief and damages.

91. Defendants have infringed and are infringing the ‘131 Patent by making, using, selling, offering for sale, and/or importing, without authority, products and services that are covered by one or more claims of the ‘131 Patent, including but not limited to the Accused Products.

92. Defendants have contributed to and/or induced and will continue to contribute to and/or induce the infringement of the ‘131 Patent by others in this District and elsewhere in the United States, with the direct infringement being accomplished by end users of at least the Accused Products.

93. Apple has been and continues to be damaged by Defendants’ infringement of the ‘131 Patent, in an amount to be determined at trial.

94. Apple has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Defendants’ infringement of the ‘131 Patent is enjoined by this Court.

95. Defendants’ infringement of the ‘131 Patent is exceptional and entitles Apple to attorneys’ fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Apple and NeXT pray for the following judgment and relief against Defendants:

(A) That Defendants have infringed each and every one of the Asserted Patents;

(B) That Defendants, their officers, agents, employees, and those persons in active concert or participation with any of them, and their successors and assigns, be permanently enjoined from infringement, inducement of infringement, and contributory infringement of each and every one of the Asserted Patents, including but not limited to an injunction against making,

using, selling, and/or offering for sale within the United States, and/or importing into the United States, any products and/or services that infringe the Asserted Patents;

(C) That Plaintiffs be awarded all damages adequate to compensate them for Defendants' infringement of the Asserted Patents, such damages to be determined by a jury, and if necessary to adequately compensate Apple for the infringement, an accounting;

(D) That Plaintiffs be awarded treble damages and pre-judgment and post-judgment interest at the maximum rate allowed by law;

(E) That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that Plaintiffs be awarded attorneys fees, costs, and expenses incurred in connection with this action;

(F) That Plaintiffs be awarded such other and further relief as this Court deems just and proper.

Dated: March 2, 2010

*/s/ Richard K. Herrmann*

Richard K. Herrmann (I.D. #405)
Mary B. Matterer (I.D. #2696)
Amy A. Quinlan (I.D. #
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 888-6800
rherrmann@morrisjames.com

Robert G. Krupka, P.C.
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Gregory S. Arovas, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Bryan S. Hales, P.C.
Marcus E. Sernel, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Kenneth H. Bridges
Michael T. Pieja
Brian C. Kwok
WONG, CABELLO, LUTSCH,
RUTHERFORD & BRUCCULERI LLP
540 Cowper Street, Suite 100
Palo Alto, CA 94301
Telephone: (650) 681-4475
Facsimile: (650) 403-4043

*Attorneys for Plaintiffs Apple Inc. and NeXT Software, Inc. f/k/a NeXT Computer, Inc.*