IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| APPLE INC. and NeXT SOFTWARE, INC., f/k/a NeXT COMPUTER, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 10-166-GMS |
| HIGH TECH COMPUTER CORP., a/k/a HTC CORP., HTC (B.V.I.) CORP., HTC AMERICA, INC., and EXEDEA, INC., | ) ) ) ) | |
| Defendants. | ) ) | |
| APPLE INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 10-167-GMS |
| HIGH TECH COMPUTER CORP., a/k/a HTC CORP., HTC (B.V.I.) CORP., HTC AMERICA, INC., and EXEDEA, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM**

**I. INTRODUCTION**

On March 2, 2010, Apple Inc. ("Apple")[1] filed the above-captioned patent infringement actions against High Tech Computer Corp., a/k/a HTC Corp., HTC (B.V.I.) Corp., HTC America, Inc. and Exedea, Inc. (collectively, "HTC"), alleging that HTC's smart phone

---

[1] In Civil Action No. 10-166, Apple was joined by NeXT Software, Inc., f/k/a NeXT Computer, Inc., a wholly-owned subsidiary of Apple.

technology infringes twenty Apple patents. Presently before the court is HTC's motion to transfer venue to the Northern District of California pursuant to 28 U.S.C. § 1404(a). (C.A. No. 10-166, D.I. 8; C.A. No. 10-167, D.I. 8.) For the reasons that follow, the court will deny HTC's motion.

## II. BACKGROUND

Apple is a California corporation with its principal place of business in Cupertino, California. (D.I. 9 at 4.) HTC Corp. is a Taiwanese corporation with its principal place of business in Taoyuan, Taiwan. (Id. at 7.) HTC America, Inc. is incorporated in Texas and has its principal place of business in Bellevue, Washington. (Id.) HTC (B.V.I.) Corp. is a financial holding company that is incorporated and has its principal place of business in the British Virgin Islands. (Id.) Exedea, Inc. is incorporated and has its principal place of business in Texas. (Id.)

HTC maintains a design facility in San Francisco, California, which focuses on hardware and usability design for HTC smart phones. (Id. at 5.) Most of the engineers who worked on the allegedly infringing hardware and software design, development and integration for HTC's smart phones reside in Taiwan. (Id. at 6.) HTC's principal U.S. operations, headquartered in Bellevue, Washington, include sales, marketing and product support activities targeted to the U.S. market. (Id. at 5-6.) Documents and witnesses relevant to HTC's activities may be found in California, Washington and Taiwan. (Id. at 4-6.)

HTC collaborates with third parties such as Google, Qualcomm Inc., and Microsoft Corp. in developing, designing and manufacturing its allegedly infringing mobile devices. (Id. at 4.) Google is a Delaware corporation that maintains its headquarters in Mountain View, California. (Id.; D.I. 28 at 14.) Android, a California-based company acquired by Google in 2005,

developed the targeted Android Operating System in Silicon Valley, California. (D.I. 9 at 4.) Qualcomm Inc., a corporation based in San Diego, California, designs and sells the baseband processing chip identified in Apple's ITC infringement allegations. (Id. at 6.) Microsoft Corp., a corporation based in Redmond, Washington, designs and sells the Windows Mobile operating system used on certain HTC phones. (Id.)

### III. STANDARD OF REVIEW

Pursuant to Section 1404(a), the court may transfer a civil action "for the convenience of the parties and witnesses, in the interest of justice, . . . to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). The burden to establish the need to transfer rests on the moving party, and the "plaintiff's choice of venue [will] not be lightly disturbed." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). In other words, "unless the balance of convenience strongly favors a transfer in favor of [the] defendant, the plaintiff's choice of forum should prevail." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).

When considering a motion to transfer, the court must determine "whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Jumara*, 55 F.3d at 879. This inquiry requires "a multi-factored test" including not only the convenience of the parties and witnesses and the interests of justice, but also the private and public interests set forth in *Jumara*. *Id.* at 875. The private interests include the plaintiff's forum preference as manifested in the original choice, the defendant's forum preference, whether the claim arose elsewhere, the convenience of the parties as indicated by their physical and financial condition, the convenience of the expected witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and the

location of books and records, but only to the extent that they could not be produced in the alternative forum.[2] *Id.* at 879. The relevant public interests include the enforceability of the judgment, practical considerations that could make the trial easy, expeditious or inexpensive, the relative administrative difficulty in the two fora resulting from court congestion, and the local interest in deciding local controversies at home according to the public policies of the fora. *Id.* at 879-80.

## IV. DISCUSSION

In support of its motion to transfer, HTC contends that Apple's choice of venue should be given little deference because Delaware is neither Apple's "home turf" nor is it meaningfully connected to the facts of this case. (D.I. 9 at 9.) According to HTC, none of the witnesses or documents relevant to the cases are located in Delaware, whereas scores of potential witnesses and relevant documents may be found in the Northern District of California. (Id. at 10-12.) HTC contends that the Northern District of California has a strong interest in resolving the litigation and would be a more convenient forum for Apple because Apple is a California-based plaintiff claiming infringement of inventions that were conceived of and developed in California by California residents. (Id. at 12-15.) Moreover, HTC contends that the amount of overlap between these cases and the cases brought by Nokia against Apple[3] is insubstantial, and

---

[2]The first three of these private interest factors collapse into other portions of the *Jumara* analysis. Thus, the court will consider them in the context of the entire inquiry only. *See Afymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192 (D. Del. 1998).

[3]Specifically, HTC refers to *Nokia Corporation v. Apple Inc.*, C.A. No. 09-791 and *Nokia Corporation v. Apple Inc.*, C.A. No. 09-1002, both of which are currently pending before this court and which allege claims for patent infringement regarding various smart phone technologies.

considerations of court congestion favor the Northern District of California. (Id. at 13-14.)

In response, Apple repeats its arguments in favor of consolidation, contending that transfer would not serve the interests of justice because the two related, co-pending actions involving numerous common issues of law and fact remain in this district. (D.I. 28 at 6.) Specifically, Apple points to overlapping patents, common inventors and related technologies in support of its argument. (Id.) Contrary to HTC's allegations, Apple contends that HTC's infringing activity took place across the entire country, including in Delaware, and therefore does not weigh in favor of transfer. (Id. at 11.) Moreover, Apple contends that HTC has failed to show a physical or financial condition of the parties which would cause litigating in Delaware to be burdensome, and HTC's arguments that litigating in California would benefit Apple are meritless because Apple specifically chose to litigate in Delaware. (Id. at 11-13.) According to Apple, HTC also fails to identify witnesses who would be unavailable for trial or files that could not be produced as a result of proceeding in Delaware. (Id. at 14-16.) Apple contends that perceived court congestion likewise does not mandate transfer, particularly when considering the efficiencies that would be gained by litigating the actions in this court. (Id. at 18.)

The court concludes that the balance of convenience does not strongly favor transfer under the facts of these cases, and Apple's choice of forum should therefore prevail. Although the court denied Apple's motion to consolidate due to the magnitude of the cases and the limited commonalities among them, the court notes that some common issues of law and fact exist among the cases. It would better serve the interests of justice and the efficient use of court resources if these issues were addressed by the same court. Moreover, HTC has failed to demonstrate a specific physical or financial condition that would make litigating in Delaware

5

burdensome and cannot point to any specific witnesses or documents that would be unavailable if the litigation proceeds in Delaware. The court further notes that regardless of whether the litigation proceeds in this court or in the Northern District of California, a number of witnesses must travel long distances and documents must either be shipped or produced electronically because the witnesses and documents are located in several different geographical locations. As a result, the court concludes that neither forum is substantially more convenient than the other. Thus, the court concludes that Apple's choice of forum should not be disturbed.

## V. CONCLUSION

For the reasons stated above, HTC's motion to transfer venue to the Northern District of California (C.A. No. 10-166, D.I. 8; C.A. No. 10-167, D.I. 8) is denied. An appropriate order shall issue.

Dated: January 14, 2011

CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| APPLE INC. and NeXT SOFTWARE, INC., f/k/a NeXT COMPUTER, INC., <br><br> Plaintiffs, <br><br> v. <br><br> HIGH TECH COMPUTER CORP., a/k/a HTC CORP., HTC (B.V.I.) CORP., HTC AMERICA, INC., and EXEDEA, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 10-166-GMS |
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> HIGH TECH COMPUTER CORP., a/k/a HTC CORP., HTC (B.V.I.) CORP., HTC AMERICA, INC., and EXEDEA, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 10-167-GMS |

## ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. HTC's motion to transfer venue (C.A. No. 10-166, D.I. 8; C.A. No. 10-167, D.I. 8) is DENIED.

Dated: January 14, 2011

_____
CHIEF, UNITED STATES DISTRICT JUDGE